Dear Mr. Thibodeaux:
You have requested an opinion of this office regarding whether an attorney, not employed by the District Attorney's Office, who represented a previous parish school board may continue in his appointment without a vote by current members.
LSA-R.S. 16:2(A) and R.S. 42:261(A) establishes that the District Attorneys of the several judicial districts of Louisiana shall be the regular attorneys and counsel for parish school boards and city school boards within their respective districts.
However, LSA-R.S. 42:261.1 authorizes the employment of a general attorney by parish and city school boards and reads:
 Each parish and city school board in the state may select, employ, fix the salary of and pay its own general attorney, in which case the district attorney shall be relieved of responsibility to serve as counsel for such board.
Therefore, a school board is authorized to employ a general attorney and the District Attorney is then relieved of the responsibility of representing that school board.
Secondly, with regard to the term of employment of an attorney elected by the previous board, LSA-R.S. 42:3 limits the term of board employees and reads as follows:
 The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees. (Emphasis added)
This statute applies to the term of employment of the general attorney. Thus, when the electing school board goes out of power the attorney no longer has a valid contract and may be terminated or rehired by the incumbent board.
The board that you serve may terminate or rehire the attorney who served the previous board.
Trusting this to be of sufficient information, I am,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD/vls-0550l